STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-10-48

BOSKO GASICH and MARKET
IDEAS, INC.

      Plaintiffs,

     v.

KYMBERLY A. NELSON and
SKY'S THE LIMIT
CONSULTING, LLC,

      Defendants,



STATE OF MAINE
Cumberland, ss, Clerk's Office

FEB 08 2012

RECEIVED

## ORDER ON PLAINTIFFS' MOTION TO VACATE ARBITRATION AWARD AND DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD

Before the court are the defendants' Motion to Confirm Arbitration Award and the plaintiffs' Motion to Vacate Arbitration Award. Oral argument was heard on February 8, 2012.

## BACKGROUND

Bosko Gasich and Market Ideas, Inc. ("Plaintiffs") filed the Complaint in this case on February 3, 2010 alleging conversion and breach of contract. On March 29, 2010, Kymberly A. Nelson and Sky's the Limit Consulting, LLC ("Defendants") filed an Answer and Counterclaim against Plaintiff Gasich alleging intentional and negligent infliction of emotional distress, assault and battery, interference with an advantageous economic relationship, and defamation. This case was subject to mandatory dispute resolution under M.R. Civ. P. 16B. On September 29, 2010, the parties participated in alternative dispute resolution at Conflict Solutions with Patrick Coughlan serving as the

1

neutral party. The parties reached a settlement of all claims in the complaint and the counterclaim and the terms of that agreement were reduced to writing in the October 20, 2010 "Mutual General Release, Indemnifications and Settlement Agreement" ("Settlement Agreement").

Paragraph 2 of the Settlement Agreement reads:

> Gasich shall indemnify and hold harmless Nelson and Sky's the Limit of and from any and all state and federal tax liabilities associated with any and all capital gains derived from the sale of stock in any TD Ameritrade, Longview Financial and/or E*Trade accounts in the name of Nelson or Sky's the Limit during tax years 2006, 2007, 2008, and 2009, but only to the extent that the proceeds from the sale of such stock were received at any time by Gasich and/or Market ideas, or deposited at any time into any accounts in the name of Gasich and/or Market Ideas, in accordance with the terms set forth below[.]

(Pls. Mot. Ex. A, ¶ 2.) The following subparagraphs instructed the parties on the process of reconciling any dispute as to the amount of tax liability owed. (Id. ¶¶ 2(a) – 2(f).) The Settlement Agreement also states that all disputes "concerning or arising from this Agreement," such as the interpretation or construction of any terms or allegations of breach of its terms are to be submitted to Patrick Coughlan of Conflict Solutions for binding arbitration. (Id. ¶ 16.)

The Defendants' submitted their position as to tax liability in December 2010. This total included penalties and interest. In response to the Defendants' filing, the Plaintiffs submitted its position as to the tax amount owed and noted their opposition to the Plaintiffs' inclusion of penalties and interest. These submissions included two letters from counsel, and affidavit from Mr. Gasich affirming that he would not have agreed to the settlement had Ms. Nelson ever suggested that penalties and interest on the capital gains tax would be sought, and a letter from Mr. Gasich's accountant explaining that the term "tax

2

liabilities" is not commonly understood to include interest and penalties. (Pls. Mot. Ex. B.)

On May 11, 2011, Patrick Coughlan heard evidence and argument regarding the issues related to the capital gains tax liability. Coughlan issued an order on June 8, 2010 holding that the Settlement Agreement obligated Mr. Gasich to indemnify the Defendants for unpaid taxes and penalties and interest and ordering payment of $191,217.00, plus interest and penalties accruing after April 29, 2011, to the Defendants.

On July 18, 2011, the Defendants moved this court to confirm the arbitration award, pursuant to 14 M.R.S. § 5937. The Plaintiffs opposed the motion on August 4, 2011 claim that the motion was premature because the Plaintiffs had ninety days from the receipt of the order to file a motion to vacate. As that time period had not yet expired, any action by the court would have curtailed this statutory right. (Pl. Opp. 1-2.) On September 7, 2011, the Plaintiffs filed a timely motion to vacate the arbitration award alleging that the arbitrator exceeded his authority by interpreting the Settlement Agreement term "state and federal tax liabilities associated with any and all capital gains..." to require the Plaintiffs to pay penalties and interest on capital gain taxes owed by the Defendants. The Defendants opposed the motion to vacate on September 26, 2011.

## DISCUSSION

The court may only vacate an arbitration award in limited circumstances. 14 M.R.S. §5938 (2011). The Plaintiffs allege that, under 14 M.R.S. § 5938(1)(C), the court must vacate the award in this case because the arbitrator exceeded his

3

power by modifying the terms of the Settlement Agreement, making the Plaintiffs liable for tax penalties and interest.

Maine courts apply a narrow standard to the question of whether an arbitrator has exceeded his authority. A court will only refuse to enforce an arbitration award if "it finds no rational construction of the contract that can support the award." *Westbrook Sch. Comm. v. Westbrook Teachers Ass'n*, 404 A.2d 204, 209 (Me. 1979). Any award in based on the arbitrator "travel[ing] outside the agreement in reaching a conclusion" is beyond the authority of the arbitrator because the award would be based on the arbitrator's own concept of justice and not on an interpretation or application of the agreement. *Caribou Bd. of Educ. v. Caribou Teachers Ass'n*, 404 A.2d 212, 214 (Me.1979).

Here the Plaintiffs claim that the arbitrator's interpretation of the Settlement Agreement term "state and federal tax liabilities associated with any and all capital gains..." to require the Plaintiffs to pay penalties and interest on capital gain taxes owed by the Defendants is a re-writing and/or modification of the terms and provisions of the Settlement Agreement and not simply an interpretation or construction of the terms authorized by paragraph 16 of the agreement. (Pls. Br. 5.) The Plaintiffs point the court to the evidence submitted in the arbitration process indicating that the Plaintiffs had no intention of agreeing to indemnify the Defendants for penalties and interest on these taxes. (Id.)

The court finds that the arbitrator has not acted outside of his authority and that there is no basis for vacating the arbitration award under § 5938(1)(C). This case is distinct from *Caribou Board of Education*, where the arbitrator, instead of interpreting the collective bargaining agreement to determine whether there

4

had been a violation, ordered the parties to negotiate. There was no provision in the collective bargaining agreement requiring the parties to negotiate before the issue could be settled between them and, thus, the arbitrator had gone outside the agreement and imposed his own resolution of the dispute instead of the bargained for resolution contained in the collective bargaining agreement.

In contrast, in this case, the arbitrator did not go outside the agreement to resolve the dispute. Instead, he interpreted the language of the Settlement Agreement under the authority granted to him by the parties in paragraph 16 of the agreement. The arbitrator's decision that the phrase "any and all state and federal tax liabilities associated with any and all capital gains" includes penalties and interest owed to the taxing authorities on those capital gains identified is not an interpretation that "all fair and reasonable minds would agree...was not possible under a fair interpretation of the contract." *Westbrook*, 404 A.2d at 209. The use of the phrase "associated with any and all capital gains" allows for an interpretation broader than just the tax liability owed. Capital gains tax is clearly associated with capital gains but penalties and interest can also be "associated" with the capital gains. Had this Settlement Agreement simply stated that the Plaintiffs indemnify the Defendants from "all state and federal capital gain tax liabilities," the arbitrator's interpretation may be unreasonable. However, given the language employed by the Settlement Agreement, the court finds that it is a reasonable interpretation of the Settlement Agreement that the term "tax liabilities" can be interpreted to include penalties and interest and that it is not a modification of the contract for the arbitrator to have so construed the term. The arbitrator's interpretation of the terms of the Settlement Agreement is what the parties bargained for and it is what they received.

5

The Plaintiffs' Motion to Vacate the Arbitration Award is DENIED. The Defendants' Motion to Confirm the Arbitration Award is GRANTED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: February 8, 2012

Joyce A. Wheeler
Justice, Superior Court

Plaintiffs-John Branson Esq

Defendants-David Kreisler Esq

6

TD Bank NA-Joshua Dow Esq.
Defendant Arsenault-Pro Se
Defendant Malàtesta-Pro Se
Northern Iron Works-Clerk is Mark Arsenault
 Pro Se